LAURENZI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No.: 15-20192-SHL / TMP |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 18 U.S.C. § 2 |
| | ) | 18 U.S.C. § 1349 |
| CHARLES LARRY BATES, | ) | 18 U.S.C. § 1341 |
| a/k/a "Larry Bates", | ) | 18 U.S.C. § 1343 |
| CHARLES EDWARD BATES, | ) | |
| a/k/a "Chuck Bates", and | ) | |
| ROBERT BATES, | ) | |
| a/k/a "Bob Bates" | ) | |
| | ) | |
| Defendants. | ) | |

# I N D I C T M E N T

THE GRAND JURY CHARGES:

## COUNT 1
### (Conspiracy)

### INTRODUCTORY PARAGRAPHS

At all times material to this Indictment:

1.     **FIRST AMERICAN MONETARY CONSULTANTS, INC.** (hereinafter

"FAMC") was a Colorado corporation registered to conduct business in the State of

Tennessee, with its principal place of business in Memphis, Tennessee, at Suite 101,

3740 Business Drive, Memphis, Tennessee 38125. Its registered agent was **Defendant**

**CHARLES LARRY BATES**, 3740 Business Drive, Memphis, Tennessee 38125. FAMC

also maintained a business location in the State of Colorado, specifically at the address

of 2900 S. College Avenue, Fort Collins, Colorado 80525.  Under its Colorado Articles of Incorporation, FAMC listed its "purposes" as: "To consult in economic, political, military, intelligence, and financial matters with related services including the sale of gold, silver, numismatic, and other hard assets; to provide security and safekeeping information and facilities, and to transact all lawful business for which corporations may be incorporated pursuant to the Colorado Corporations Code, as Amended."

2.      **INFORMATION RADIO NETWORK, INC.** (hereinafter "IRN") was a Tennessee corporation registered to conduct business in the State of Tennessee, formed in Shelby County, Tennessee, with its advertised principal address being P.O. Box 383230, Germantown, Tennessee 38183.   Its registered agent was **Defendant CHARLES LARRY BATES**, 3740 Business Drive, Memphis, Tennessee 38125.

3.      **Defendant CHARLES LARRY BATES** was a beneficial owner and true party in interest of FAMC and IRN.  He held himself out as CEO and "Chief Economist" of FAMC and CEO of IRN.  As such, he had responsibility for the direction, control, operation and management of said entities, including their advertisement, solicitation, sale and purchase of gold, silver and other precious metals to and from members of the public.

4.      **Defendant CHARLES EDWARD BATES a/k/a "CHUCK" BATES** was a representative of FAMC, residing in West Tennessee, and serving as a "Senior Monetary Consultant".  As such, he attempted to, and did buy sell and trade gold, silver and other precious metals to and from members of the public.  Additionally, he held himself out as an officer and News Director for IRN.

2

5.     **Defendant ROBERT BATES a/k/a "BOB BATES** was a representative of FAMC, residing in West Tennessee, and serving as a "Senior Monetary Consultant". As such, he attempted to, and did buy sale and trade gold, silver and other precious metals to and from members of the public.

## THE CONSPIRACY

7.     Beginning at a date unknown to the Grand Jury, but at least in or about May 10, 2002 and continuing through in or about October 21, 2013, in the Western District of Tennessee and elsewhere, the Defendants,

**CHARLES LARRY BATES, a/k/a "LARRY BATES"**
**CHARLES EDWARD BATES, a/k/a "CHUCK BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States of America, that is:

A.     To knowingly and willfully use, and cause to be used, the United States mails, and private and commercial interstate carriers, in execution of a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1341; and

B.     To knowingly and willfully transmit, and cause to be transmitted in interstate commerce by means of wire communication, certain signs, signals and sounds, all for the purpose of executing a scheme and artifice to defraud and to obtain

3

money by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1343.

## OBJECTS OF THE CONSPIRACY

8.     It was a principle object of the conspiracy that the Defendants and their co-conspirators would, by means of various false and fraudulent pretenses, representations, and promises, and material omissions, induce numerous members of the public to send them large sums of money for the purported purchase and/or sale of gold, silver, and other precious metals, thereby unlawfully enriching themselves.

9.     It was a principle object and purpose of the conspiracy to carry out and to execute the above-listed object of the conspiracy for the ultimate personal gain, benefit, profit, advantage, and accommodation of the Defendants and their co-conspirators.

## FORM AND SUBSTANCE OF THE

## SCHEME TO DEFRAUD MEMBERS OF THE PUBLIC

10.     Beginning at a date unknown to the Grand Jury, but at least in or about May 10, 2002 and continuing through in or about October 21, 2013, in the Western District of Tennessee and elsewhere, the Defendants,

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

individually and through the use of employees and other persons and entities, who are not named as defendants herein, devised and intended to devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises from various members of the public interested in the

4

purchase and sale of gold, silver and other precious metals, well knowing said pretenses representations, and promises would be and were false and fraudulent when made.

11.    It was a part of the conspiracy and scheme to defraud and to obtain money that the defendants and their co-conspirator would utilize FAMC as a means of facilitating their overall interactions with the general public concerning the sale and purchase of gold, silver, and other precious metals to and from members of the public.

12.    It was a part of the conspiracy and scheme to defraud and to obtain money that the defendants and their co-conspirators would utilize IRN as a means of advertising, promoting, and soliciting the sale or purchase of gold, silver, and other precious metals to and from members of the public (hereinafter referred to as "customers").

13.    It was a part of the conspiracy and scheme to defraud and to obtain money that the Defendants and their co-conspirators would, through the use of IRN, public seminars, television shows, radio programs, the Internet, and other media outlets, target devout Christian believers and elderly individuals with significant life savings who were seeking advice and help from a supposed trusted Christian advisor and/or an alleged reputable Christian financial company.

14.    It was a part of the conspiracy and scheme to defraud and to obtain money that Defendants "**LARRY**" **BATES and** "**CHUCK**" **BATES** and their co-conspirators told potential customers that they needed to purchase gold, silver and other precious metals to protect them from the upcoming economic, political and religious downturn. "**LARRY**" **BATES and** "**CHUCK**" **BATES** characterized this upcoming economic and political downturn as the "Mystery Babylon".

15.   It was a part of the conspiracy and scheme to defraud and to obtain money that upon acceptance of the verbal offers made by the Defendants and their co-conspirators through FAMC, the customer was instructed to deliver full payment for any purchase of gold, silver, or other precious metal.   Payment, by the customers, was thereafter forwarded to the Defendants and their co-conspirators through the United States mails, private and commercial interstate carriers, and by wire transfers.

16.   It was a part of the conspiracy and scheme to defraud and to obtain money that after receipt of the customer's money an "Invoice and Order Confirmation" would be sent by the United States mails to the customer, purportedly setting forth the terms and conditions of the transaction on the back of said document.   This written disclosure of terms and conditions would usually be sent to the customer after payment had been received.

17.   It was a part of the conspiracy and scheme to defraud and to obtain money that the defendants and their co-conspirators, at the time of purchase and in order to induce potential customers to send large sums of money to them, would make and cause to be made various false and fraudulent pretenses, representations and promises, well knowing that these pretenses, representations, and promises would be and were false and fraudulent when made, including but not limited to the following:

A.   That the customer would receive the gold, silver, and/or other precious metals ordered and paid for by the customer;

B.   That the customer would receive the gold, silver, and/or other precious metals for which they had paid in a timely manner;

6

      C.     That the customer's monies paid to FAMC would be used to purchase the gold, silver, and/or other precious metals ordered by the customers;

      D.     That the Defendants and their co-conspirators held a genuine concern for their customers based on common Christian beliefs;

      E     That FAMC would store gold, silver, and/or other precious metals ordered and paid for by the customers;

      F.     That FAMC would trade the customer's gold, silver, and/or other precious metals being stored by FAMC for other types of gold, silver, and/or precious metals that were better investments at the time;

In truth and fact as the defendants then knew, these representations were false and used as a means to persuade the customer to act.

18.    It was a part of the conspiracy and scheme to defraud and to obtain money that the Defendants and their co-conspirators, after receiving money and/or precious metals from a customer, would engage in patterns of fraudulent conduct including but not limited to the following:

      A.     Failing to fill customers' orders of gold, silver, and/or other precious metals in their entirety, even though full payment had been received by FAMC;

      B.     Keeping customers' monies, which were to be used to purchase gold, silver, and/or other precious metals ordered by the customers.

      C.     Using the customers' monies for their own use and benefit including but not limited to the purchase of gold, silver, and/or other precious metals that were not delivered to the customer, and the payment of personal expenses;

D.      Spending customer funds that should have been used to fulfill customer orders to pay business expenses for the benefit of FAMC and IRN;

E.      Spending funds that should have been used to fulfill customer orders to pay for commodities trading for the benefit of the Defendants;

F.      Delaying fulfillment of gold, silver, and/or other precious metal purchases for unjustifiable amounts of time;

G.      Filling only parts of gold, silver, and/or other precious metal purchases, while keeping the funds of customers without either a refund or distribution of the full order as promised;

19.      It was a part of the conspiracy and scheme to defraud and to obtain money that the defendants and their co-conspirators would subsequently attempt to avoid inquiries of customers by various means.  Among the means used to accomplish this objective were delays in returning telephone calls, transferring a customer among multiple Defendants, co-conspirators, and assistants who would give various excuses for the lengthy delays or claim the Defendant who might be able to provide an explanation was not available, or totally refuse to return calls or respond to emails from customers. These "delay tactics" would continue for weeks, months, and even years.

20.      It was a part of the conspiracy and scheme to defraud and to obtain money that the defendants and their co-conspirators, in order to lull their customers into a false sense of security concerning their purchase of gold, silver, and/or other precious metals from FAMC would make and cause to be made various false and fraudulent pretenses, representations and promises, well knowing that these pretenses, representations, and

promises would be and were false and fraudulent when made, including but not limited to the following:

A.      That the shipping of the gold, silver, and/or other precious metals was delayed because **"LARRY BATES"** was unavailable;

B.      That the gold, silver, and/or other precious metals were delayed because of problems with customs;

C.      That the gold, silver, and/or other precious metals were delayed because of problems with the "Mint";

D.      Deliver to the customer a partial shipment of the gold, silver, and/or precious metals;

E.      That FAMC could not locate the quality of gold, silver, and/or other precious metals needed to fill the customer's order;

F.      That the customer needed to trade their coins, allegedly held by FAMC for other gold, silver, and/or precious metals;

21.     As a result of the Defendant's foregoing scheme and artifice to defraud and to obtain money, more than three hundred members of the public remitted in excess of $18,000,000.00 to the Defendants and their co-conspirators.

## OVERT ACTS

At the times hereinafter mentioned, during the pendency of the conspiracy, the defendants engaged in overt acts, including, but not limited to, the following, within the Western District of Tennessee and elsewhere, at least one of which furthered and affected the goals of the said combination, conspiracy, confederation, and agreement:

1. On or about May 10, 2002, Chuck Bates had a telephone conversation with Bruce Berger concerning the sale of $251,275.00 precious metal coins.

2. On or about December 29, 2009, Larry Bates sold to William Fowler 1,070 20 franc gold coins and 280 British Sovereign coins for $399,790.00.

3. On or about January 5, 2010, Robert Bates sold Gary Thornhill one 1000 ounce silver bar.

4. On or about March 26, 2010, Robert Bates sold Heidi Ottenstein 7,000 United States silver eagle coins and 360 20 franc gold coins for $249,880.00.

5. On or about August 11, 2010, Larry Bates purchased from A--Mark 3,400 20 franc gold coins for $820,420.00.

6. On or about March 3, 2011, Chuck Bates had a telephone conversation with Doctor T.E. Thurman concerning Doctor Thurman's purchase of fifteen hundred United States silver eagle coins and 403 20 franc gold coins for $200,155.00.

7. On or about April 15, 2011, Chuck Bates sold to Sydney Balovich 1,054 20 franc gold coins for $367,846.00.

8. On or about April 21, 2011, Larry Bates sent an email to Sam Bass confirming the purchase of $500,000.00 of Swiss 20 Franc gold coins dated pre-1933.

9. On or about August 25, 2011, Robert Bates received and caused to be received from Robert Matthews United States silver eagle coins.

10. On or about September 6, 2011, Robert Bates had a telephone conversation with Bruce Dirks concerning Mr. Dirks trading his United States silver eagle coins for 20 franc gold coins.

11. On or about September 12, 2011, Robert Bates received and caused to be received a check from Heidi Ottenstein in the amount of $50,000.00 for the purchase of 112 20 franc gold coins.

12. On or about December 15, 2011, Larry Bates received and caused to be received a check from Gary Fisk in the amount of $30,000.00 for the purchase of 79 20 franc gold coins.

13. On or about March 2, 2012, Chuck Bates sold Leon and Jennifer Wooley 95 20 franc gold coins for $40,045.00.

14. On or about March 30, 2012, Robert Bates sent and caused to be sent to Bruce Dirks 10 20 franc gold coins.

15. On or about October 28, 2012 Robert Bates used FAMC's credit card to pay for a trip to St. Thomas in the Virgin Islands for himself and his spouse.

16. On or about November 27, 2012, Chuck Bates had a telephone conversation with George Bradley, wherein he told George Bradley that his order of precious metal coins was shipped prior to receiving Mr. Bradley's check on January 9, 2012, and that the delay in receiving the coins was due to the European crisis turmoil.

17. On or about December 20, 2012, Larry Bates had a telephone conversation with Sydney Balovich, where Larry Bates told Sydney Balovich that he did not need to travel to Memphis to pick up his coins because the coins would be shipped after Christmas.

18. On or about January 7, 2013, Larry Bates sold 254 20 franc gold coins to Dana Knight for $100,000.00.

19. On or April 17, 2013, Chuck Bates sold 420 United States silver eagle coins to Clyde Jenkins.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about November 17, 2010, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Heidi Ottenstein made payable to FAMC in the amount of $100,000.00 for the purchase of  297 20 franc gold coins, said envelope being addressed to Attention: Bob Bates, FAMC Inc., 3740 Business Drive, Memphis, TN  38125 and being from Heidi Ottenstein who was then residing in the State of Texas; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 3

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about March 21, 2011, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a telephone conversation between Heidi Ottenstein, who was then residing in the State of Texas and Robert Bates who was in Tennessee; said telephone call was concerning FAMC's trade of Heidi Ottenstein' s 7,000 United States Silver Eagle coins which had been previously paid for by Heidi Ottenstein, but never delivered, in violation of Title 18, United States Code, Sections 1343 and 2.

14

## COUNT 4

1.    All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about August 9, 2011, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Heidi Ottenstein made payable to FAMC in the amount of $50,000.00 for the purchase of  112 20 franc gold coins, said envelope being addressed to Attention: Bob Bates, FAMC Inc., 3740 Business Drive, Memphis, TN  38125 and being from Heidi Ottenstein, who was then residing in the State of Texas; in violation of Title 18, United States Code, Sections 1341 and 2.

15

## COUNT 5

1.     All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about August 5, 2010, in the Western District of Tennessee, and elsewhere, the Defendant

**CHARLES LARRY BATES a/k/a "LARRY BATES",**

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a wire transfer of funds in the amount of $190,000.00 from Valley View Bank in Texas to FAMC's bank account at First Tennessee Bank in Tennessee; said wire transfer of funds was for Judith Ponder's purchase of 636 20 franc gold coins from FAMC, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 6

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about August 11, 2010, in the Western District of Tennessee, and elsewhere, the Defendants

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a wire transfer of funds in the amount of $820,420.00 from FAMC's bank account at First Tennessee Bank in Tennessee to A-Mark Precious Metals Inc. in California; said wire transfer was for the purchase of 3,400 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 7

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 21, 2012, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the afore said scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a registered mail parcel containing 50 20 franc gold coins to be sent and delivered  to Judith Ponder, executrix of Katherine Painter's Estate,  290 Aqua Vista Drive,  Kerrville, Texas 78028, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 8

1.      All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.      On or about September 3, 2010, in the Western District of Tennessee, and

elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid

scheme and artifice to defraud, did knowingly cause to be delivered by mail according to

the directions thereon, an envelope containing a check from Joyce Jackson made

payable to FAMC in the amount of $100,000.00 for the purchase of 315 20 franc gold

coins and 6 United States Silver Eagle coins, said envelope being addressed to FAMC,

3740 Business Drive, Suite 101, Memphis, TN  38125 and being from Joyce Jackson,

who was then residing in the State of Alabama; in violation of Title 18, United States

Code, Sections 1341 and 2.

19

## COUNT 9

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about May 26, 2011, in the Western District of Tennessee, and elsewhere, the defendants

### CHARLES LARRY BATES a/k/a "LARRY BATES"

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Willa Dean made payable to FAMC in the amount of $100,000.00 for the purchase of 259 20 franc gold coins, said envelope being addressed to FAMC, P.O. Box 383230, Germantown, TN 38183 and being from Willa Dean, who was then residing in the State of Ohio; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 10

1.     All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about December 4, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from MEB made payable to FAMC  in the amount of $28,980.00 for the purchase of 120 20 franc gold coins, said envelope being addressed to FAMC, 3740 Business Drive, Memphis, TN  38125 and being from Markus Bartell, who was then residing in the State of Kansas; in violation of Title 18, United States Code, Sections 1341 and 2.

21

## COUNT 11

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about January 12, 2011, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be sent and delivered by the mail, according to the directions thereon, an envelope containing a check from Paul Essaff made payable to FAMC in the amount of $15,050.00 and was for the purchase of 43 20 franc gold coins, said envelope being addressed to FAMC Inc., 3740 Business Drive, Memphis, TN 38125 and being from Paul Essaff, who was then residing in the State of Vermont; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 12

1.    All the allegations contained in paragraphs 10 through and including 21 Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about January 13, 2011, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a facsimile of an FAMC "Transaction Form" sent from FAMC's Office in Tennessee to FAMC's Office in Colorado, said "Transaction Form" pertained to Maya Griffin's purchase of 605 United States Silver Eagle coins and 84 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343 and 2.

23

## COUNT 13

1.      All the allegations contained in paragraphs 10 through and including 21 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about March 30, 2012, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a parcel containing 16 20 franc gold coins, the said parcel was to be sent and delivered to Maya Griffin , in Tuttle, Oklahoma and being from FAMC, 3740 Business Drive, Suite 101, Memphis, TN 38125; in violation of Title 18, United States Code, Sections 1341 and 2.

24

## COUNT 14

1.     All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.     On or about March 3, 2011, in the Western District of Tennessee, and elsewhere,

the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid

scheme and artifice to defraud, did knowingly cause to be delivered by mail according to

the directions thereon, an envelope containing a check from Dr. T. E. Thurman made

payable to FAMC Inc. in the amount of $200,155.00 for the purchase of 1500 United

States Silver Eagle coins and 403 20 franc gold coins, said envelope being addressed

to FAMC Inc., Attention: Chuck Bates, 3740 Business Drive, Memphis, TN  38125, and

being from Dr. T. E. Thurman, who was then residing in the State of Missouri, in

violation of Title 18, United States Code, Sections 1341 and 2.

25

## COUNT 15

1.     All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about March 24, 2011, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Marcia Nadine Thurman TTEE made payable to FAMC Inc. in the amount of $190,098.00 for the purchase of 537 20 franc gold coins, said envelope being addressed to FAMC Inc., Attention: Chuck Bates,  3740 Business Drive, Memphis, TN  38125 and being from Marcia Nadine Thurman TTEE, who was then residing in the State of Missouri; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 16

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about March 21, 2011, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Clay Adams made payable to FAMC in the amount of $50,000.00 for the purchase of 138 20 franc gold coins, said envelope being addressed to FAMC, P.O. Box 383230, Germantown, TN  38183 and being from Clay Adams, who was then residing in the State of Oklahoma; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 17

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about March 31, 2011, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a fax of a FAMC "transaction form" sent from FAMC Inc.'s office in Tennessee to FAMC Inc.'s office in Colorado, said transaction form confirmed that Larry Guy was selling 1500 United States Silver Eagle coins which were allegedly being held by FAMC and buying from FAMC 160 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 18

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about April 15, 2011, in the Western District of Tennessee, and elsewhere, the Defendants,

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a wire transfer of funds in the amount of $367,846.00 from Sydney Balovich's bank account at the Navy Federal Credit Union in Virginia to FAMC's bank account at First Tennessee Bank in Tennessee, said wire transfer was for the purchase of 1054 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 19

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about April 25, 2011, in the Western District of Tennessee, and elsewhere, the Defendant,

### CHARLES LARRY BATES a/k/a "LARRY BATES"

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a wire transfer of funds in the amount of $500,000.00 from Sam Bass's bank account at City Bank in Florida to FAMC's account at First Tennessee Bank in Tennesseee, said wire transfer was for the purchase of 1420 20 franc coins, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 20

1.      All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.      On or about May 3, 2011, in the Western District of Tennessee, and elsewhere,

the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid

scheme and artifice to defraud, did transmit and cause to be transmitted in interstate

commerce by means of a wire communication, certain signs, signals, and sounds, that

is, a telephone call from Karen Rideout who was residing in the state of Missouri to

Chuck Bates in Memphis, Tennessee; said telephone call was concerning Karen

Rideout trading her United States Silver Eagle coins allegedly held by FAMC for gold 20

franc coins, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 21

1.     All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.     On or about May 14, 2011, in the Western District of Tennessee, and elsewhere,

the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid

scheme and artifice to defraud, did knowingly cause to be sent and delivered by mail,

according to the directions thereon, a package containing United States Silver Eagle

coins, said package being addressed to FAMC, P.O. Box 383230, Germantown,

Tennessee 38183 and being from Doug Tompkins in Massachusetts; in violation of Title

18, United States Code, Sections 1341 and 2.

## COUNT 22

1.      All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.      On or about July 26, 2011, in the Western District of Tennessee, and elsewhere,

the Defendants

### CHARLES LARRY BATES a/k/a "LARRY BATES"

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid

scheme and artifice to defraud, did transmit and cause to be transmitted in interstate

commerce by means of a wire communication, certain signs, signals, and sounds, that

is, a wire transfer of funds in the amount of $70,000.00 from Community Banker's Bank

in to FAMC's bank account at First Tennessee Bank in Tennessee; said wire transfer of

fundswas for Lewis Walker III's purchase of 185 20 franc gold coins from FAMC, in

violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 23

1.      All the allegations contained in paragraphs 10 through and including 21 Count 1
of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about August 10, 2011 in the Western District of Tennessee, and
elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit
and cause to be transmitted in interstate commerce by means of a wire communication,
certain signs, signals, and sounds, that is, a fax of a "transaction form" from FAMC in
Tennessee to FAMC in Colorado   confirming that Mardele Duarte was selling 870
United States Silver Eagles which were allegedly being held by FAMC and buying from
FAMC 77 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343
and 2.

## COUNT 24

1.    All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about August 25, 2011, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, a parcel  containing United States Silver Eagle coins from Robert Mathews which was payment to FAMC for the purchase of 20 franc gold coins, said package being addressed to FAMC Inc., 3740 Business Drive, Memphis, TN  38125 and being from Robert Mathews, who was then residing in the State of North Carolina; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 25

1.     All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about April 6, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a parcel containing 26 20 franc gold coins, the said parcel was to be sent and delivered to Robert Mathews in Whittier, North Carolina; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 26

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about August 20, 2011, in the Western District of Tennessee, and elsewhere, the Defendant,

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a facsimile of an FAMC "Transaction Form" from FAMC's office in Tennessee to FAMC's office in Colorado, said wire communication was regarding Dean Boever's purchase of 449 20 franc gold coins for $199,876.00, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 27

1.      All the allegations contained in paragraphs 10 through and including 21 Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 21, 2012, in the Western District of Tennessee, and elsewhere, the defendants

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a parcel containing 32 20 franc gold coins, the said parcel was to be sent and delivered to Dean Boever, in Gilbert, Arizona and being from FAMC in Tennessee; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 28

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about August 30, 2011, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Michael Mulligan made payable to FAMC Inc. in the amount of $44,750.00 for the purchase of 100 20 franc gold coins, said envelope being addressed to FAMC Inc.,  3740 Business Drive, Memphis, TN 38125 and being from Michael Mulligan, who was then residing in the State of Ohio; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 29

1.      All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.      On or about September 12, 2011, in the Western District of Tennessee, and

elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid

scheme and artifice to defraud, did knowingly cause to be delivered by mail according to

the directions thereon, an envelope containing a check from Michael Mulligan made

payable to FAMC Inc. in the amount of $24,730.00 for the purchase of 53 20 franc gold

coins, said envelope being addressed to FAMC Inc.,  3740 Business Drive, Memphis,

TN 38125 and being from Michael Mulligan, who was then residing in the State of Ohio;

in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 30

1.     All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about September 6, 2011, in the Western District of Tennessee, and elsewhere, the Defendants,

**CHARLES LARRY BATES a/k/a "LARRY BATES",**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a telephone call between Bruce Dirks in the state of Colorado and Robert Bates in the state of Tennessee, said wire communication was concerning Bruce Dirks' trade of his 1,000 one ounce United States Silver Eagle coins and 51 Five Dollar Gold Eagle coins allegedly being held by FAMC for 111 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 31

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about May 30, 2013, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter,  to be sent and delivered by the Postal Service according to the directions thereon, a package containing 10 20 franc gold coins, the said package was to be sent and delivered to Bruce Dirks, 3102 17th Avenue, Number 53, Greeley, Colorado 80631; in violation of Title 18, United States Code, Sections 1341 and 2.

42

## COUNT 32

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about November 22, 2011, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a telephone call between William Dunn who was residing in the state of California and **"CHARLES EDWARD BATES"** in Memphis, Tennessee; said telephone call was concerning William Dunn's trading his 4,000 United States Silver Eagle coins allegedly held by FAMC for 312 20 franc gold coins, in violation of Title 18, United States Code, Sections 1343 and 2.

43

## COUNT 33

1.      All the allegations contained in paragraphs 10 through and including 21 of Count

1 of this indictment are realleged and incorporated by reference as if fully set forth

herein.

2.      On or about December 13, 2011, in the Western District of Tennessee, and

elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit

and cause to be transmitted in interstate commerce by means of a wire communication,

certain signs, signals, and sounds, that is, a facsimile of an FAMC "Transaction Form"

sent from FAMC's Office in Tennessee to FAMC's Office in Colorado, said "Transaction

Form" pertained to Dr. John Hart's purchase from FAMC of 114 20 franc gold coins, in

violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 34

1.      All the allegations contained in paragraphs 10 through and including 21 Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 15, 2011, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by a private and commercial interstate carrier according to the directions thereon, an envelope containing a check from Gail A. Fisk which was made payable to FAMC Inc. in the amount of $30,000.00 for the purchase of 79 20 franc gold coins, said envelope being addressed to FAMC Inc., Larry Bates, 3740 Business Drive, Memphis, TN 38125 and being from Gail A. Fisk, who was then residing in the State of New York; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 35

1.     All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.     On or about December 21, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a package containing 15 20 franc gold coins to be sent and delivered to Gail A. Fisk in Vestal, NY; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 36

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about January 7, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from George Bradley made payable to FAMC Inc. in the amount of $39,975.00 for the purchase of 100 20 franc gold coins, said envelope being addressed to FAMC Inc., 3740 Business Drive, Memphis, TN 38125 and being from George Bradley, who was then residing in the State of Ohio; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 37

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 20, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a registered mail parcel containing 12 20 franc gold coins to be sent and delivered to George Bradley, 1628 Sodom Hutchings Rd., Vienna, Ohio, 44473, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 38

1.    All the allegations contained in paragraphs 10 through and including 21 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about March 2, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Leon & Jennifer Wooley, made payable to FAMC in the amount of $40,045.00 for the purchase of 95 20 franc gold coins, said envelope being addressed to FAMC,  Attention: Chuck Bates, 3740 Business Drive, Memphis, TN  38125 and being from Leon & Jennifer Wooley, who were then residing in the State of Colorado; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 39

1.    All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about March 13, 2012, in the Western District of Tennessee, and elsewhere, the Defendants,

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**ROBERT BATES a/k/a "BOB BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce by means of a wire communication, certain signs, signals, and sounds, that is, a telephone call between Gary Thornhill in the state of Kentucky and **"ROBERT BATES"** in the state of Tennessee, said wire communication was concerning Gary Thornhill trading 795 United States Silver Eagle coins allegedly being held by FAMC for 65 20 franc gold coins; in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 40

1.    All the allegations contained in paragraphs 10 through and including 21 Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.    On or about July 27, 2012, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a parcel containing 50 20 franc gold coins, the said parcel was to be sent and delivered to Barbara Peraza-Santiago, in Clackamas, Oregon and being from FAMC, 3740 Business Drive, Memphis, TN 38125; in violation of Title 18, United States Code, Sections 1341 and 2.

51

## COUNT 41

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about December 21, 2012, in the Western District of Tennessee, and elsewhere, the Defendant

**CHARLES LARRY BATES a/k/a "LARRY BATES",
and
CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly place and caused to be placed in an authorized depository for mail matter, to be sent and delivered by the Postal Service according the directions thereon, a parcel containing 30 20 franc gold coins, the said parcel was to be sent and delivered to Charles Grimsley, PO Box 59, Mesa, Colorado, 81643  and being from FAMC Inc., in Tennessee; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 42

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about January 7, 2013, in the Western District of Tennessee, and elsewhere, the Defendant

### CHARLES LARRY BATES a/k/a "LARRY BATES"

for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by a private and commercial interstate carrier, according to the directions thereon, an envelope containing a check from Dana Knight that was made payable to FAMC in the amount of $100,000.00 and was for the purchase of  254 20 franc gold coins, said envelope being addressed to FAMC / Larry Bates,  3740 Business Drive, Memphis, TN  38125 and being from Dana Knight, who was then residing in the State of Texas; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 43

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about April 17, 2013, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Clive Jenkins made payable to FAMC in the amount of $ 11,860.00 for the purchase of 420 United States Silver Eagle coins, said envelope being addressed to FAMC Inc., 3740 Business Drive, Memphis, TN 38125 and being from Clive Jenkins who was then residing in the State of Ohio; in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 44

1.      All the allegations contained in paragraphs 10 through and including 21 of Count 1 of this indictment are realleged and incorporated by reference as if fully set forth herein.

2.      On or about June 1, 2013, in the Western District of Tennessee, and elsewhere, the Defendants

**CHARLES LARRY BATES a/k/a "LARRY BATES"**
**and**
**CHARLES EDWARD BATES a/k/a "CHUCK BATES"**

being aided, abetted, counseled and induced, for the purpose of executing the aforesaid scheme and artifice to defraud, did knowingly cause to be delivered by mail according to the directions thereon, an envelope containing a check from Kenton Neff made payable to FAMC in the amount of $13,500.00 for the purchase of 500 United States Silver Eagle coins, said envelope being addressed to FAMC Inc., 3740 Business Drive, Memphis, TN  38125 and being from Kenton Neff who was then residing in the State of Georgia; in violation of Title 18, United States Code, Sections 1341 and 2.

## <u>NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE</u>

The allegations contained in Counts 1 through 44 of this indictment are re-alleged and incorporated by reference as if fully set forth herein.

Upon conviction of one or more of the offenses alleged in Counts 1-44 of this Indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to the following:

1.      A sum of money equal to at least eighteen million five hundred ninety-five thousand five hundred seventy-eight dollars ($18,595,578.00) in U.S. funds, representing the amount of proceeds obtained as a result of the offenses set forth in Counts 1-44 above.

2.      Real property as follows:

(a)      One Parcel of Real Property Located at Parcel #192-017.06, Winwood Farms Loop, Hardin County, Tennessee, with All Appurtenances and Improvements Thereon;

(b)      One Parcel of Real Property Located at Parcel #192-008.03, Winwood Farms Loop, Hardin County, Tennessee, with All Appurtenances and Improvements Thereon;

(c)      One Parcel of Real Property Located at Parcel #192-008.04, Winwood Farms Loop, Hardin County, Tennessee, with All Appurtenances and Improvements Thereon;

(d)     One Parcel of Real Property Located at Parcel #1550-049.00, 130 Ping Hill Rd, Hardin County, Tennessee, with All Appurtenances and Improvements Thereon;

(e)     One Parcel of Real Property Located at Parcel #192-008.06, Winwood Farms Loop, Hardin County, Tennessee, with All Appurtenances and Improvements Thereon;

(f)     One Parcel of Real Property Located at Parcel #192-008.07, Winwood Farms Loop, Hardin County, Tennessee, with All Appurtenances and Improvements Thereon;

3.     Substitute Assets:

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

**A TRUE BILL:**

_____

**F O R E P E R S O N**

57

_____

**DATE**


_____

**EDWARD L. STANTON III**
**UNITED STATES ATTORNEY**